Macomber, J.
[After stating the facts as above.] —Prior to the passage of the act of 1875, c. 79, the courts of this State took no notice, of the denominational character of religious corporations, and, consequently, could not enforce any ecclesiastical law or rule of church government which did not spring from the corporation itself, but was imposed upon it from without (Petty v. Tooker, 21 N. Y. 267; Gram v. Prussia, &c. German Society, 36 Id. 161; Trustees St. Jacob’s Luth. Ch. of Eden v. Bly, 73 Id. 323 ; People ex rel. Dilcher ev Ger. U. Ev. Church, Buffalo, 53 Id. 103; Watkins v. Wilcox, 4 Hun, 220). Indeed, in one particular, at least, such corporations did not have the ordinary rights of a business corporation; for the courts could and would interfere in a proper case and prevent the officers of a business corporation from diverting its business and property from the uses for which it was designed ; but there was nothing to prevent the trustees of a church of one religious denomination from managing the temporalities of the church for the benefit of another denomination, and nothing to restrain the majority of the corporators of a particular religious society from diverting the corporate property and its revenues to purposes wholly different from those originally contemplated, so long as those purposes remained religious. The act of 1875 was apparently designed to, and does seem to keep out of the churches, the methods sometimes charged upon political primaries, and to discourage and discountenance artful or vindictive schemes of taking a church society bodily into new connections. The substance of that act is as follows:
Section" .2.—Whenever a trustee, elected under the provisions of section 3 of the act of 1813, ceases to be a member of the church, congregation or society, by removal or otherwise, or ceases statedly to attend upon *4 and support its services, he shall at the same time and for such cause, cease to he a trustee, and his place shall be declared vacant by a notice of the board of trustees to the church, congregation, or society, and the church, congregation or society shall proceed to till the vacancy as provided for in the act of 1813. The trustees shall administer the temporalities of the church, and hold and apply the estate and property belonging thereto, and the revendes of the same, for the benefit of such corporation, according to the discipline■, rules and usages of the denomination to which the church members of the corporation belong ; and it shall not be lawful for the trustees to divert such estate, property, or- revenues to any other purpose except towards the support and maintenance of any religious, benevolent, or other institution connected with such church congregation or religious society (§ 4).
The facts disclosed in the affidavits bring this case with peculiar force within the provisions of that statute. Those facts are, in brief, that the defendant Bowden’s further services as pastor of the church were not approved by the ecclesiastical authority to which his church was subordinate. Dissatisfied with this, he, with a majority of the trustees, took steps to form new religious connections, and to carry the property of the church, as well as the congregation, along with him. With the'personal freedom of action of the trustees the statute does not meddle, but it does say to them, (1) when yon cease to be members of the church, congregation or society, by removal or otherwise, you shall cease to manage the affairs of that church ; and (2) that the temporalities of the church shall be administered for the benefit of that corporation, according to the discipline and laws of the denomination to which the cliurch members of that corporation belong. In these two particulars the defendants are shown to be within the condemnation of the statute. It is there *5 fore the duty of the court, under the authority given by the sixth section of the act, to interfere by injunction, and thus prevent a diversion of the property and revenues of this church.
Counsel for the defendants take the position that, inasmuch as a majority of the trustees have thus sought to divert the property of the church to other purposes,.the remaining trustee has not the right to use the name of the corporation in this action, because the corporation can act only through a majority of the trustees. The answer to this is, that all of the allegations of the complaint and of the moving affidavits must, on this occasion, be taken as true ; for the application to dissolve the injunction is made upon those papers only; and they show that there is remaining but one trustee. Under the case as thus admitted, there can be no doubt of the power of that trustee to institute this action in the name of the corporation. Indeed, had all of the trustees followed the pastor in this hegira, the church and society would not have been remediless, for in such case any member of the church could have brought the action, if not in the name of the corporation, at least in his own name, for the benefit of all the members (Greaves v. Gouge, 69 N. Y. 154).*
The motion to dissolve the injunction must be denied, with $10 costs.
On appeal the general term affirmed the order, adopting the foregoing opinion.

See also, 9 Abb. New Cas. Note on Corporate Litigation, and cases there collected.