Smith, P. J.
The plaintiff is a religious incorporation formed under chapter sixty of the Laws of 1813. It is of the denomination known as “The Reformed Presbyterian Church in America.” The action was brought and the injunction order was made to restrain the defendants from diverting the temporalities of the plaintiff to the purposes of a denomination other than , that to which the church members of the corporation belong. The principal ground alleged in support of the motion to dissolve the injunction is that the plaintiff did not authorize the bringing of the action. The complaint alleged, in substance, that the trustees of *359 the corporation in the year 1880, were Alexander McLean, John L. Scott, Alexander Hatton, and Francis Shannon, the last three of whom are made defendants ; that the defendant Bowden was the pastor of the church, and the defendant Timble, the sexton; that the defendants conspired together to change the.ecclesiastical connection of the plaintiff, and divert its temporalities, from the religious denomination with which it was connected, to another ; that the defendants, Scott, Hutton and Shannon, were, by the action of the body known as the session of the plaintiff, consisting of its elders, duly suspended from their privileges as church members, for alleged sufficient cause, in pursuance of the discipline, rules and usages of the church to which the plaintiff belonged, thereby excluding them, during such suspension, from the exercise of official functions also, and léaving the said McLean, the sole trustee. The action was commenced by the direction of McLean as such trustee.
The present motion was preceded by one of like nature, before answer, founded upon the complaint and the affidavit accompanying the same, on which the injunction was granted. That motion was denied on the ground that the allegations in the complaint being conceded to be true, for the purposes of the motion, the action was properly brought in the name of the corporation by the direction of the sole trustee.
Although the present motion is founded upon the answers and affidavits of the defendant together with' the affidavits of persons not parties to the suit, yet the allegations in the complaint, above stated, are virtually uncontroverted. The issues made are mostly, if not altogether, as to the legal conclusions to be drawn from the facts. The action of the session is tacitly admitted as alleged, but it is asserted that the session are officers, not of the plaintiff, but only of the ecclesiastical organization worshiping in the church edifice belonging to *360 the plaintiff; and that the said action merely had the effect to suspend the defendant Scott and his colleagues from the exercise of functions as ecclesiastical officers of the church, and not as trustees of the corporation. We do not think it material to inquire what effect, the action of the session had upon the official status of the delinquent trustees, but we have referred to it to describe the position of the defendants, as we understand it. They seem to rely upon the distinction between the corporation and the church, which' is pointed out in Robertson v. Bullions (11 N. Y. 243); Petty v. Tooker (21 Id. 267), and other like cases. Those cases went upon The idea that corporations formed under the third section of the act of 1813 have no denominational character, and that the existence of a church as an organized body formed by the corporators having distinctive religions tenets, is not recognized by our municipal law. Since the act, chapter 79 of the Laws of 1875, that position is no longer tenable. The fourth section of that act directs that the property and revenues of every corporation, formed under § 3 of the act of 1813, shall be applied by the trustees for the benefit of such corporation, “ according to the discipline, rules and usages of the denomination, to which the church members of the corporation belongand it forbids the diverting of the same to any other purpose. And the sixth section extends the jurisdiction of courts of equity over such corporations, so far as may be necessary to enforce the provisions of said act. These provisions distinctly recognize the denominational character of the corporations referred to, and the existence of a church as an organized body, to which any such corporation may belong, to whose uses its temporalities may be devoted, and for any diversion or attempted diversion of which from such uses an ample remedy is given in a court of equity.
By whom may this statutory remedy be invoked ? *361 If the wrongdoer is not one of the trustees, doubtless by the trustees in the name of the corporation. Why \ Because the statute charges them with the care of the temporalities of the corporation, and impliedly makes it their duty to prevent any diversion of them. So, if the wrongful act be done by a minority of the trustees, it can hardly be questioned but that the majority may sue in the name of the corporation. And if all the trustees were engaged in despoiling the corporation, any private member of the corporation might bring suit for the benefit of himself and the other members, but in such case it would be necessary to sue in his own name, and make the trustees and the corporation defendants (Robinson v. Smith, 3 Paige, 233). But is that course necessary or proper, where one of the trustees (although a minority of the whole number), is not implicated in the wrong % He is not divested of his office, or of its powers and duties, by the unfaithfulness of his colleagues. They, by their misconduct, have virtually abdicated their official functions, so far as the bringing of suit is concerned, and why may he not sue in the name of the corporation % In a case of doubt as to which of the trustees is in the right, it would be inexpedient to permit the minority to sue in . the name of the corporation. But here, as has been said, the material facts are virtually undisputed, and the objection is formal merely. That it is not only formal, but also diametrically opposed to the interests and wishes of a majority of the members of the society, is shown by the fact, appearing in the record, that since the commencement of the suit McLean has been re-elected trustee, and successors to the defendants Hutton and Scott have been elected who approve of the prosecution of the action.
This is not, as the defendant’s counsel urges, a contest about the title to the office, nor is it an action of ejectment or trespass. It is an action in equity brought *362 in the name of the • corporation, by its only loyal trustee, to prevent his co-trustees and their confederates from diverting the .property of the corporation to alien and forbidden uses.
We see no force in the suggestion of the defendant’s counsel that the act of 1875, as above construed, is unconstitutional.
Nor in the suggestion that said act does not apply to the defendants because they were elected trustees under the sixth section of the act, and not under the third. The two sections constitute one scheme ; the sixth, defining the terms of office of trustees elected under the third, and providing for their classification and the mode of choosing their successors. Unless the act applies to trustees elected under the sixth section, it is inoperative, as the official terms of all trustees elected under section three, expired long before the act of 1875 was passed.
We do not put the case upon the ground urged by the plaintiff’s counsel, that by chapter 187 of the Laws of 1822, the elders of the church are the trustees, and the suit is presumably with their consent. As the corporation was formed after the passage of the act, and was of the denomination referred to, we are inclined to the opinion, that it might have been organized under either act. Each provided a modem which a voluntary association of that denomination, existing at the time of its passage, or thereafter formed, might be incorporated ; and under either statute, it was to be done through the action of a board of trustees. By the act of 1813, such trustees were to be elected by the persons, and in the mode pointed out in the act; under the act of 1822 no election was necessary, that act declaring that the elders and deacons of the society, with the minister, if there was one, should be the trustees. In case an incorporation was effected under that act, the minister, elders and deacons, and their succes *363 sors were to be its trustees. But those provisions have no application to a corporation formed under the act of 1813. That the plaintiff was formed under that act is undisputed.
Our conclusion is that the order should be affirmed with ten dollars costs of the appeal and disbursements to be paid by the appellants.
Habdih and Haight, JJ., concurred.