PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.

---

IN THE MATTER OF THE PETITION OF THE THIRD METHODIST EPISCOPAL CHURCH, IN THE CITY OF BROOKLYN, TO DISSOLVE THE CORPORATION, ETC.

*Chapter 424 of Laws of 1872 — dissolution of religious societies, how accomplished.*

No meeting of the board of trustees of a religious society is necessary to authorize the application of a majority of the trustees for a dissolution of the society under chapter 424 of the Laws of 1872.

Nor is it essential that there should be a meeting of the society to authorize such an application, except to show the court that a dissolution is favored by a majority of the society.

It is no objection to an order made by the court for the dissolution of a religious society, authorized by statute, that it is contrary to, or not authorized by, the discipline of the church to which the society belongs.

APPEAL by Daniel I. Salt and William Jones from an order made at the Kings County Special Term and entered in the Kings county clerk's office on the 31st day of August, 1892, in favor of the petitioners in a proceeding for the dissolution of a religious society.

The proceeding, which was had under chapter 424 of the Laws of 1872, entitled "An act to provide for the dissolution of religious societies, except in the city and county of New York, and for the sale and disposition of the proceeds of the property of such societies," was instituted in February, 1892, by a petition to the Supreme Court, made by a majority of the board of trustees of the Third Methodist Episcopal Church, in the city of Brooklyn, an incorporated religious society, praying for an order for a dissolution of the society, and for a sale and conveyance of all its property, and for a transfer of the balance of the proceeds, after the payment of debts and expenses, to the Brooklyn Church Society of the Methodist Episcopal Church, in pursuance of a resolution to that effect alleged to have been adopted at a meeting of members of the church, held on December 22, 1891.

The proceeding was opposed by certain members of the church, including the present appellants, two members of the board of trustees.

Among the specific objections urged by them to the regularity of the proceedings was the fact that the application was made by a bare majority of the trustees, without a meeting of the board or notice to the other trustees ; that the special meeting of church members at which the question of the dissolution of the society and the disposition to be made of its property was voted on was invalid, for the reason that the notice issued therefor contained no reference to the object of the meeting ; and that the question of dissolution and disposition of the church property had not been submitted to the quarterly conference as required by section 334 of the Discipline of the Methodist Episcopal Church.

*Horatio C. King* and *Frank Moss*, for the appellant.

*W. J. Groo*, and *George G. Reynolds*, for the petitioners respondents.

PRATT, J.:

It is not material to consider the motion to dismiss the appeal in this proceeding as the merits are before us, and a decision upon the merits will dispose of the motion.

The questions raised upon this appeal were thoroughly tried below, and we think the conclusions there reached were sustained by the proofs.

In fact there is scarcely any dispute about the facts, the only contention being upon the conclusions of law arising therefrom.

It clearly appeared that the society had ceased to act in its corporate capacity and to keep up religious services, and that the petition for dissolution was "signed by a majority of the trustees thereof" as required by law. (Laws of 1872.)

It is plain from a reading of the statute that the petition was in proper form to give the court jurisdiction. It does not say "upon application of the board of trustees," but upon application of a majority of the trustees. It is, therefore, clear that no meeting of the board was necessary in order to authorize such application. Neither was it essential that there should be a meeting of the society to authorize application except to show the court that a dissolution was favored by a majority of the society.

Much criticism has been expended upon the motives and conduct of the trustees making the application, but, as far as we can gather, they seem to have represented the views and feelings of a majority of the members of the society. Inasmuch, however, as no meeting of the society was necessary, it is not material as to the form of the notice calling for a meeting. Even if the meeting must be held for naught as approving the action of the trustee. If there was any great opposition to the dissolution and sale, an opportunity was offered for a hearing in court on the day the matter was tried, when it does appear that quite a number of the society were present, including leading Methodists from surrounding societies.

The objection that the order herein is contrary to or not authorized by section 334 of Church Discipline of the Methodist Episcopal Church is not well taken, as no church discipline can supersede the laws of the State.

The court below found all the material allegations of the complaint to be true, and we think the proofs justify that finding and that the conclusions of law, as found by the decision, are correct.

We have examined all the exceptions raised and find no error sufficient to warrant a reversal of the order. The opposition had an opportunity to put in any proper proof to the utmost limit of propriety, but failed to impeach in any material effect the allegations of the petition.

Order affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order dissolving corporation affirmed, with costs; motion to dismiss appeal denied, without costs.

---

BARCLAY HAVILAND, PLAINTIFF, *v.* MARTHA T. WILLETS AND ANOTHER, AS ADMINISTRATORS, ETC., AND OTHERS, DEFENDANTS.

*Agreement between an executor and a legatee — fiduciary relation — mistake as to legal rights induced by fraud.*

*Held,* that an instrument under seal, executed by the legatee, which was in form an assignment and release, and, in effect, a transfer, as an act of simple bounty, of the legatee's share in the testator's residuary estate to the executor and his relatives, was properly set aside as having been executed by the legatee under a mistaken notion of his rights.

In such a case evidence of mutual mistake is not necessary; mistake on the one hand and fraud on the other being sufficient to set aside an instrument so made.

MOTION by the defendants, Martha T. Willets and others, for a new trial in an action in equity to set aside a sealed instrument, and