(44 Misc. Rep. 173.)
WESTMINSTER PRESBYTERIAN CHURCH OF WEST TWENTY–THIRD
ST. et al. v. FINDLEY et al.

(Supreme Court, Special Term, New York County.   June, 1904.)

1. RELIGIOUS CORPORATIONS—JURISDICTION OF COURTS.

The civil courts will interfere in ecclesiastical matters only where there are conflicting claims as to church property or funds, or their use, or where civil rights are involved.

2. SAME—ENJOINING TRUSTEES.

Under Laws 1902, pp. 334, 335, c. 97, § 40, subds. 6, 7, the temporalities of a Presbyterian church are managed by trustees elected by those qualified to vote. Held, that the ruling elders and members of the session could not maintain in their own names and in that of the corporation an action to enjoin trustees of a church from acting as such on the ground that they had been suspended as communicants by the session, where there are other trustees, and it is not shown that they have refused to act.

Action by the Westminster Presbyterian Church of West Twenty-Third Street and others against Walter Findley and James Johnston. Motion to enjoin defendants from acting as trustees of the church, on the ground that they had been suspended as communicants. Injunction denied.

The plaintiffs secured a temporary injunction, with an order to show cause why it should not be continued pendente lite. The plaintiffs allege that the defendants had been removed as trustees by virtue of proceedings in the church court, and that their appeals from such judgment had been dismissed by the appellate ecclesiastical court. The affidavits in reply showed by the certificate of this appellate ecclesiastical court that, while dismissing the appeals, this court held the action of the session, so far as it related to the defendants' office as trustees, to be a nullity.

Louis F. Doyle, for plaintiffs.
Henry W. Jessup, for defendants.

GREENBAUM, J. It appears in this case that the temporalities of the church, as distinguished from its spiritual control, are managed by a board of trustees elected from those qualified to vote in accordance with the provisions of law (Laws 1902, p. 334, c. 97, § 40, subd. 6), and that said trustees are the trustees of the corporation (subdivision 7). It is the implied duty of the trustees to prevent any diversion of the property of the corporation, and therefore to see to it that no one shall act with them as trustee who may have become disqualified, or who has no legal right to act in conjunction with them in the control of the temporalities of the corporation. The majority of the trustees may sue in the name of the corporation to prevent any illegal interference with the property of the corporation, and if the trustees are in hostility to its interests, or refuse to take proper action looking to the legal protection of its rights, "any private member of the corporation might bring suit for the benefit of himself and the other members; but in such case it would be necessary to sue in his own name, and make the trustees and the corporation defendants." First Reformed Presbyterian Church v. Bowden, 14 Abb. N. C. 356, 361.

¶ 1. See Religious Societies, vol. 42, Cent. Dig. §§ 93, 101, 154–157.

"The right of civil courts to interfere in ecclesiastical matters is considerably limited. The general rule is that such right exists only where there are conflicting claims to church property or funds, or the use of them, or where civil rights are involved." Rector of St. James' Church v. Huntington, 82 Hun, 125, 131, 31 N. Y. Supp. 91. The unfortunate differences existing between the defendants and the session, who constitute the spiritual head of the corporation, cannot be the subject of judicial review in this action. Assuming that the judgment rendered by the session against the defendants operates to disqualify them as voting members, and therefore from continuing as trustees while under the ban of the session, although previously legally elected as trustees, then it would seem to be the duty of the remaining trustees to protect the temporalities of the church by taking such action as would protect the corporation from the unlawful control of persons who are no longer entitled to act as trustees. There is no allegation in the complaint or in the moving affidavits that the other trustees have refused to act in the premises, and it affirmatively appears that this action is brought by the ruling elders and members of the session in their name and that of the corporation. Under the circumstances, it is evident that the session has no legal power to institute this action in the name of the corporation or in their own name, and the court cannot consider the legal status of the defendants in respect of said corporation. It follows that the injunction must be denied.

Injunction denied.