JOHN W. SAUNDERS, Individually and in His Own Right as a Member of the Walker Memorial Baptist Church, Inc., for His Own Benefit and for the Benefit of All Members of the Walker Memorial Baptist Church, Inc., and as a Trustee, and as Pastor of the Walker Memorial Baptist Church, Inc., Respondent, *v.* ELMER E. ARMSTEAD and Others, Individually and as a Majority of the Board of Trustees of the Walker Memorial Baptist Church, Inc., Appellants.

First Department, March 15, 1940.

*Melvel W. Snitow* of counsel [*Sydney Snitow* with him on the brief], for the appellants.

*Edward S. Bentley* of counsel [*William R. Conklin* and *Alan L. Dingle* with him on the brief; *Henry P. Lipscomb*, attorney], for the respondent.

TOWNLEY, J. In this action for an injunction, the plaintiff, individually and in his own right as a member of the Walker Memorial Baptist Church, Inc., for his own benefit and for the benefit of all members of the church corporation, and as a trustee

and pastor of the church, sues five named defendants, individually and as a majority of the board of trustees of the church. In his complaint the plaintiff justifies the representative aspect of the action by alleging that a demand upon the appellants to bring the action would be futile. It appears from the affidavit in support of this motion that Frank Black, one of the trustees, has not been made a defendant in this action and, so far as is shown, was not requested to institute the action. Failure to allege that Trustee Black was requested to bring the action and that the request was refused is a fatal defect.

In a case where the board of trustees refuses to institute suit, a minority of the board may do so. (*First Reformed Presbyterian Church* v. *Bowden*, 14 Abb. N. C. 356, 361.) If a minority refuses then a member in good standing may bring suit in his own name and the board of trustees and the church must be joined. (*Westminster Pres. Church* v. *Findley*, 44 Misc. 173.) In the *Westminster* case the court said: " The majority of the trustees may sue in the name of the corporation to prevent any illegal interference with the property of the corporation, and if the trustees are in hostility to its interests or refuse to take proper action looking to the legal protection of its rights, ' any private member of the corporation might bring suit for the benefit of himself and the other members, but in such case it would be necessary to sue in his own name, and make the trustees and the corporation defendants.' " No request has been made to bring in either Black or the corporation as party defendants. There is no allegation explaining the failure of an apparently unbiased trustee to act nor is the corporation made a party.

The orders appealed from should be reversed, with twenty dollars costs and disbursements, the motion to dismiss the complaint granted, and the motion for an injunction *pendente lite* denied.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements, the motion to dismiss the complaint granted, and the motion for an injunction *pendente lite* denied.