RECAMIER MANUF'G CO. *v.* SEYMOUR *et al.*

(*Common Pleas of New York City and County, Special Term.* May 27, 1889.)

CORPORATIONS—ACTIONS BY.

    The president of a corporation, who is also a trustee, may authorize and maintain an action for an accounting and an injunction in the name of the corporation, without the authority of the board of trustees, or against its express direction, where a majority of the directors or trustees have wrongfully converted corporate funds, and threaten to convert others, and where the neglect of the board of trustees to sue, and its resolution to discontinue the suit already commenced, are simply acts in furtherance of the unlawful design of such majority.

On motion to dismiss complaint.

*Stephen H. Olin* and *Austen G. Fox*, for plaintiff.    *Roger A. Pryor* and *E. H. Cahill*, for defendants.

DALY, J. This action is brought to obtain an accounting from the defendants Seymour for moneys charged to have been unlawfully drawn by them

from the plaintiff corporation while acting as trustees and officers thereof; also that an account may be taken of moneys loaned by defendant James M. Seymour to the corporation, and of payments made thereon, and of all credits to which the plaintiff and its president, Harriet Hubbard Ayer, may be entitled on said account in repayment of said loan; and that the defendants Seymour be enjoined from drawing the money of the company from its treasury, and applying it to their own use. The complaint alleges that the affairs of the company have been wholly managed by the defendant A. Lewis Seymour, treasurer, and his father, the defendant James M. Seymour, who claims to have been elected assistant treasurer; and that in March, 1889, the latter drew from the treasury of the company about $28,000, and applied the same to his own use, and in April, 1889, the further sum of $7,000, which drafts, plaintiff charges, were without authority of law, and in violation of his duty as trustee, and in fraud of plaintiff's rights; and it is alleged that the defendants Seymour, in violation of their fiduciary relation to the plaintiff, and their duties as officers and trustees, threaten to draw other sums from the treasury of the plaintiff, and convert the same to their own use; that the said acts will damage the credit of the company, and affect its solvency, and inflict irreparable injury upon it, which cannot be measured in damages, or made good by a judgment in a court of law; that the defendants Seymour are unable to make good the injury they have inflicted; that James M. Seymour has assigned his property to his wife, and does not hold sufficient property to make him responsible for the damage inflicted; and that A. Lewis Seymour has no property. The only answer or denial to these allegations is contained in two affidavits by A. Lewis Seymour and Albert Watson, two of the trustees, who content themselves with simply swearing "that there is no reason or foundation for the institution of said action." These affidavits are read upon a motion made on behalf of the company by the said two trustees that this action be discontinued, upon the ground that at no meeting of the board of trustees of the company has any resolution been passed authorizing the bringing of the action, nor has any authority been given to any person or persons to institute or carry on the same; that in the opinion of said A. Lewis Seymour and Albert Watson, as trustees, the continuance of said action will prove disastrous to the best interests of said company; and that at a meeting of the board of trustees held on May 15, 1889, of which due notice had been given to Harriet Hubbard Ayer, president, A. Lewis Seymour, and Albert Watson, who constitute the entire board of trustees, and at which meeting said Seymour and Watson were present, a resolution was passed and entered on the minutes, which resolution, after reciting the bringing of this action, and that it is unauthorized by a majority of the board of trustees, and that it is without reason or foundation, and would, in the opinion of a majority of the board of trustees, prove disastrous to the best interests of the company, resolves that the suit be discontinued by the company, and that counsel be retained to move for the discontinuance of the action, and the dismissal of the complaint. Upon these affidavits the motion is now made to discontinue the action, and dismiss the complaint. The plaintiff's motion for a discontinuance of the preliminary injunction already granted comes on to be heard at the same time.

In reply to the motion to discontinue the action the affidavit of Mrs. Ayer, the president of the company, who instituted this action in the name and on behalf of the company, is read, in which she shows that of the 1,000 shares of the stock of the company she owns 968, of which 498 are pledged to defendant James W. Seymour to secure a debt which she is informed and believes has been paid; that she has begun an action to recover that stock; that the trustees A. Lewis Seymour and Albert Watson, own each one share of stock; that no meeting of the board of trustees has been held for a year; no annual meeting of the stockholders has been held since the formation of the company in 1887; a meeting of the stockholders has been called by her as president, by

authority of the by-laws; that the object of the meeting of the trustees of May 15th, is to ratify the illegal acts of the defendants set forth in the complaint; that the business of the company has been carried on in her name, and is of great value to the company; and, if she is prevented from exercising her functions as president, the plaintiff would suffer irreparable damage.

The question presented for decision upon the motion to discontinue the action and dismiss the complaint is whether the president of a corporation, being a trustee, may authorize and maintain an action in the name of a corporation without the authority of the board of trustees, and against the express direction of the board. Ordinarily he may not. In the board of directors or trustees is vested the authority to undertake litigation on behalf and in the name of the corporation. But this rule has manifestly no application where a majority of the directors or trustees are engaged in the wrongful diversion of the corporate funds, or other injury to its business, and the neglect to sue or the resolution to discontinue suit or suits already commenced to recover the moneys diverted, or to remedy the wrong and injury committed, are simply acts in furtherance of the said breaches of trust. In such a contingency any trustee not implicated in the wrong may authorize the bringing of the action which the board of trustees should have authorized. The minority of the board, and any single member of it, is not divested of his office or of its powers and duties by the unfaithfulness of his colleagues. So it was held in the case of *Church* v. *Bowden*, 14 Abb. N. C. 356. It was said that, the majority of the trustees by their conduct having virtually abdicated their official functions so far as the bringing of suit was concerned, the remaining trustee might sue in the name of the corporation. It was added, however, that in a case of doubt as to which of the trustees is in the right it would be inexpedient to permit the minority to sue in the name of the corporation. We have no difficulty of the kind in this case, it being conceded by the counsel appearing for the motion to discontinue that if the action might be authorized by a single trustee the plaintiff was entitled to the injunction *pendente lite* which it applied for. Upon principle and authority I hold that the action may be authorized and maintained by one trustee under the circumstances set forth in the complaint and affidavits, notwithstanding the objection of a majority of the board of trustees. Motion to discontinue the action and dismiss the complaint denied. Motion to continue the injunction granted, with $10 costs to plaintiff.