10393

## COGGESHALL v. McKENNEY.

(103 S. E. 30.)

1. PARTNERSHIP—CONTRACT HELD TO CREATE PARTNERSHIP IN BUYING
AND SELLING LUMBER.—Contract to buy and sell lumber, whereby
one of the parties was to advance money wherewith the other party
was to purchase the lumber in carload lots or larger quantities for
the mutual account of the parties, held to constitute the parties
copartners in the buying and selling of lumber.

2. PARTNERSHIP—PARTNER AUTHORIZED TO GIVE SHIPPING INSTRUCTIONS
TO SELLER OF LUMBER TO PARTNERSHIP.—A member of a partnership
engaged in buying and selling of lumber had the right to give seller
of lumber to the partnership shipping instructions.

3. PARTNERSHIP—PARTNER AUTHORIZED TO BIND COPARTNERSHIP IN
PARTNERSHIP BUSINESS.—The action of either partner about the part-
nership business was the action of the copartnership, each partner
being an agent for the other.

2—S. C. 114

4. Partnership—Seller to Partnership May Follow Shipping Instructions of One Partner.—Seller of lumber to copartnership, who shipped the lumber pursuant to the direction of one of the partners, could recover the price thereof against the other partner, though he shipped the lumber pursuant to such directions after having been notified by such other partner that the partner who gave him directions no longer represented such other partner; the party giving the instruction in so doing having acted for the copartnership and as an agent for his copartner.

5. Appeal and Error—Cause to Be Remanded on Reversal of Judgment on Directed Verdict for Defendant.—Appellate Court in reversing judgment rendered on verdict directed for defendant after the close of plaintiff's testimony upon ground that no verdict should have been directed for the defendant will remand the cause for a new trial, not knowing what defendant will be able to prove.

Before Townsend, J., Sumter, Spring term, 1919. Reversed and remanded for a new trial.

Action by W. D. Coggeshall against J. A. McKenney, trading as Twin City Lumber Company. Judgment for defendant, and plaintiff appeals.

Plaintiff's exceptions referred to in opinion are as follows:

Because it is respectfully submitted that his Honor, the presiding Judge, erred in holding that there was no evidence to go to the jury, and in directing a verdict in favor of the defendant for the lumber in dispute.

(1) Because there was abundant evidence that V. D. S. Wilkins had authority to act for defendant in buying the lumber, in ordering it shipped out, and in ordering the car placed for the shipment. All of which had been done before the defendant attempted to revoke his authority by letter of September 12, 1917.

(2) Because upon the strength of the orders given by Wilkins to plaintiff, on August 24th, and before his authority had been revoked, on September 12th, both plaintiff and defendant had incurred expenses—the plaintiff in placing the lumber at the railroad siding for shipment, and the defendant in ordering the car placed for loading the lumber.

(3) Because under Wilkins' contract of agency with defendant, he had an interest in the contract with plaintiff, and his agency could not be terminated until 30 days after receipt of written notice of intention to terminate the written agreement.

(4) Because if the defendant had authority to cancel orders of Wilkins, the notice furnished by defendant to plaintiff dated September 12th was not sufficient to cancel any orders previously given by Mr. Wilkins. The mere cancellation of agency does not cancel contracts previously made by the agent.

*Messrs. Lee & Moise* and *Jas. R. Coggeshall,* for appellant. *Mr. Coggeshall* cites: *As to revocation of agency:* 2 C. J. 255; 149 N. Y. 92; 2 C. J. 555; 31 Cyc. 1321.

*Mr. John H. Clifton,* for respondent (no citations). ·

April 22, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff sued the defendant to recover $225.52, the price of 11,276 feet of lumber, alleged to have been sold and delivered by the plaintiff to the defendant.

The Court directed a verdict for the defendant at the close of the plaintiff's testimony and the plaintiff has appealed.

These are the circumstances of the transaction; there are three chief actors in it, Coggeshall, McKenney and Wilkins; the first named, who is the plaintiff, resides at Darlington, in this State, the second named, who is the defendant, resides at New York, the third named resided at the time of the transaction at Columbia, in this State; the transaction was had in the summer and fall of 1917; on the 19th June, 1917, McKenney, trading as the Twin City Lumber Company, and Wilkins entered into a written contract to buy and sell lumber, whereby McKenney was to advance the money and Wilkins was to purchase the lumber in carload lots or larger

quantities for the mutual account of the parties; the lumber so purchased was to be sold in the markets of the North by McKenney, except when he could not get permits to ship the same, or get orders for the same, and in those events Wilkins had authority to sell wherever he could to the best advantage for the joint account of the parties; the contract was terminable by either party upon 30 days' written notice; the plaintiff demanded to see and read this contract and did see and read it after he had made the contract of sale, but before he parted possession with the lumber. In June Wilkins bought from the plaintiff in one transaction what amounted to eight carloads of lumber, and McKenney confirmed the contract by phone message; and McKenney then told the plaintiff to ship out the lumber "per Mr. Winkins' instructions." Wilkins, about 25th August, gave instructions to ship the instant car to Columbia; of the June purchase seven cars were sent to the Twin City Lumber Company out of the State, and one car was sent to the Twin City Lumber Company, Columbia, S. C. All the eight cars were accepted and paid for by the Twin City Lumber Company, save that which went to it at Columbia. On 12th September the Twin City Lumber Company wrote to the plaintiff a letter in these words: "We have not heard from you regarding the shipment of stock you sold us through our Mr. McKenney and Mr. Wilkins, and wish to state we would like to hear from you by return mail as to what you have ready for shipment and when you think you will start on same. Our customers are after us for this stock, and we want to get the lumber moving, so if you will advise us what you have ready we will send you the necessary shipping instructions, and also advise if you need any permits on same. Kindly give us this information by return mail.

For your information wish to state that Mr. Wilkins no longer represents us in your vicinity, and all matters should be taken up direct with us. Please communicate with either our New York office or North Tonawanda office."

The plaintiff on 14th September made answer to that letter, and therein made reference to the circumstance that Wilkins had left the defendant, and asked the defendant for "*shipping instructions.*"

The Court held that the plain meaning of the letter of 12th September was that Wilkins was without power and right after 12th September and on 29th September to ship to Columbia at Wilkins' direction the carload of lumber now in issue.

And that is the issue to be decided.

· The plaintiff has made four exceptions, which will be reported.

The respondent seeks to sustain the order of the Court upon the ground that there was no testimony which warranted a verdict for the plaintiff.

The transaction betwixt Wilkins and McKenney, on the one side, and Coggeshall on the other side, affected a sale in June of the lumber in issue by Coggeshall to Winkins and McKenney, and it conferred on Wilkins and McKenney the right of possession.

The only thing which remained to be done to complete the transaction and confer on Wilkins and McKenney the right of property was a delivery of possession by the vendor and the payment of the price by the vendees. The delivery of possession was by shipment, and Wilkins was the person to ship, at least up to 12th September.

The case turns on the character of the contract of 19th June, 1917, betwixt McKenney and Wilkins.

The Court's attention seems not to have been called to that; nor has the same been stressed in the arguments; but the 3d and 4th exceptions are broad enough to raise the question.

That contract constituted McKenney and Wilkins copartners in the business of buying and selling lumber. *Price v. Middleton,* 75 S. C. 108, 55 S. E. 156; *Edwards v. Johnson,* 90 S. C. 94, 72 S. C. 638.

They are governed, therefore, by the law of copartnership, and not by the law of agency, save as copartnerships involve in large measure the relationship of agency.

Coggeshall, then, was dealing with a person who was part owner of the lumber, and who by the law, as well as by the testimony, had the right to give shipping directions. 20 R. C. L. 802.

One copartner, Wilkins, directed Coggeshall on 24th August to ship the lumber to Columbia, and Wilkins was then the person to give shipping directions; another partner, McKenney, advised Coggeshall on 12th September that the other partnership no longer represented him; and Coggeshall on 29th September shipped the lumber to Columbia according to the direction of Wilkins.

There is no evidence that the copartnership was dissolved in the way provided by the contract or was dissolved at all.

So, the case comes to this: The direction of which partner was Coggeshall bound at his peril to follow? The copartnership was an entity, and the action of either about the business was the action of the copartnership; that is to say, of both. Each was agent for the other. *Congdon v. Morgan,* 13 S. C. 190.

A verdict ought not to have been directed for the defendant; but we do not know what the defendant may be able to prove, his witnesses have not been sworn; in order that exact justice may be done the judgment is reversed and the cause is remanded for a new trial. This conclusion renders of no consequence the defendant's exceptions.