OTTO C. STEGEMANN, EUREKA PROPERTIES, INC., PAUL H. SCHUBERT and DON SCHUBERT, his wife, *Appellants*, v. E. S. EMERY, *Appellee*.

137 So. 888.

Division B.

Opinion filed November 30, 1931.

*Otto C. Stegemann,* of Miami, for Appellants;
*Henry K. Gibson,* of Miami, for Appellees.

PER CURIAM.—On October 9, 1931, appellee filed in the above styled cause a motion for a better supersedeas bond, attaching to said motion evidence certifying that the present day reasonable market value of all the various parcels of the real estate listed by the two sureties on the bond does not support a liability for the amount of the obligation stated in the bond for which the signers became sureties.

The supersedeas bond was set at $5,000.00 by the Circuit Judge and the bond which was given pursuant to the order of supersedeas was not only approved by the Clerk of the Circuit Court, but the Circuit Judge himself endorsed thereon the following:

"It appearing to the Court that the notice of appeal heretofore filed in the above cause has been amended by striking therefrom the name of Ana K. Stegemann as party appellant, the Clerk of this Court is hereby authorized and directed to approve the within and foregoing supersedeas bond.

This June 12, 1931.        Uly O. Thompson, Judge."

The bond also shows an endorsement by the Clerk of the Circuit Court as of the same date, namely, June 12,

1931, showing his approval of the bond. Attached to the bond itself is a sworn justification of the sureties who signed it.

Evidence for and against the granting of the motion to require a better supersedeas bond has been filed before this Court relating to the sufficiency of the present bond. To determine the question involved would require us to make a determination of fact concerning which the resident Circuit Judge and the local Clerk of the Circuit Court are in a better position to decide.

In Florida Orange Hedge Fence Co. v. Branham, 32 Fla. 289, 13 So. 281, this Court held that where the sureties on a supersedeas bond become insolvent after the approval of the bond the plaintiff in error will be required to file a new bond with good and sufficient sureties within a time to be limited by the appellate court and on default of his so doing the supersedeas will be vacated. It would seem that on the authority of that case that the same rule would obtain where it is made to appear to the appellate court that there has been an abuse of judgment and discretion on the part of the Clerk of the Circuit Court or the Circuit Judge in approving a bond which was entirely insufficient for the purpose for which it was given in the first instance, because of the inability of the sureties accepted thereon to respond for the amount of the bond.

The evidence submitted by the appellee in support of his motion for a better supersedeas bond is of such character that this Court is of the opinion that the matter of the sufficiency of the sureties on the present bond should be allowed to be resubmitted to the Circuit Judge who approved the same, or to some other Judge of the Circuit having jurisdiction to act in the place of said Judge to determine the sufficiency of the sureties.

It is therefore considered and ordered by this Court that the appellee be and he is hereby authorized and permitted to make application for revocation of approval

of the supersedeas bond to the Circuit Judge who approved the supersedeas bond on file in this cause, or to some other Judge of the same Circuit who may be designated or qualified to hear the same. In the event said approval of said supersedeas bond shall be revoked or set aside by the Circuit Judge, it is hereby ordered that the appellee shall, within such further time as may be authorized by the said Circuit Judge, not exceeding thirty days from the revocation of approval of the bond, make and file in this cause a new supersedeas bond with good and sufficient sureties in the same amount as the old, in default of which the supersedeas herein will stand vacated. Nothing in this order contained shall discharge or relieve the principal or sureties on the supersedeas bond now on file in this cause from any liability or penalty thereon which may have already been incurred or which may be incurred prior to the giving of a new bond herein if the same shall be required, and in the meantime it is ordered that the supersedeas granted herein shall remain in full force and effect by virtue of the present bond until the determination of the proceedings hereby authorized.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.