162 So. 571

## GOTTLIEB v. AVERY REALTY CO., Limited.

### No. 33143.

June 19, 1935.

See, also, 180 La. 621, 157 So. 369.

Borron, Owen & Borron, of Baton Rouge, for appellant.

Hermann Moyse, of Baton Rouge, for appellee.

LAND, Justice.

In a proceeding via ordinaria in enforcement of his special mortgage for $12,800, plaintiff obtained judgment in the lower court, and, under a writ of fieri facias, seized a tract of land belonging to defendant corporation containing about 53 acres, adjoining the Standard Oil plant, in the parish of East Baton Rouge, and bought in the property for $500, or about $10 per acre.

Thereafter, plaintiff recorded his judgment in the parish of Calcasieu, and also seized 80 acres of a tract of 120 acres belonging to defendant corporation and advertised the property for sale.

Being without funds or liquid assets to protect its property and creditors, defendant corporation applied to the district court for the parish of East Baton Rouge, under the provisions of Act No. 159 of 1934, the Moratorium Law, for a stay of execution of the mortgage resting against the property in the parish of Calcasieu, resulting from the recordation of plaintiff's judgment.

Plaintiff and the sheriff of Calcasieu parish excepted to this proceeding, which was brought by Louis U. Babin, as secretary-treasurer and manager of defendant corporation, on the ground that it failed to dis-

close a right or cause of action, and on the further ground that it disclosed no authority for the institution of the proceeding by resolution of the board of directors of defendant corporation, and that Babin, as secretary-treasurer, was without authority to institute the proceeding.

These exceptions were maintained by the trial judge and the proceedings were dismissed. From this judgment, the Avery Realty Company has appealed.

■ 1. The exception of no cause or right of action is based on the grounds that the Moratorium Act, No. 159 of 1934, does not apply to the execution of a writ of fieri facias on unmortgaged property (the tract of land in Calcasieu parish), but applies solely *to the foreclosure* of a mortgage on mortgaged premises.

Act No. 159 of 1934 is entitled: "An Act Authorizing the suspension of all laws or parts of laws, including provisions of the Civil Code and the Code of Practice, relative to judicial sales of mortgaged real estate by virtue of writs of seizure and sale *under executory process, or writs of fieri facias under executions where judgment is obtained via ordinaria,* or sales under foreclosure of mortgages on real estate in any other manner, in certain cases during the emergency declared to exist, in order to prevent inequitable foreclosures of mortgages on real estate *and judicial or execution sales of real estate,* and providing for the jurisdiction and procedure for such suspensions and for right to possession of

mortgaged **real estate** during such suspension." (Italics ours).

Plaintiff's judgment was obtained via ordinaria, and a writ of fieri facias was issued under execution, and the instant case comes clearly within the title of the act.

The case of Isaac Bell, Inc., v. Security Insurance Company, 175 La. 599, 143 So. 705, upon which plaintiff relies, does not interpret the Moratorium Act, No. 159 of 1934, and therefore is not in point in this case.

It was held in that case that the provision invalidating a fire policy, if *foreclosure* proceedings were commenced or notice given of sale of insured property by virtue of mortgage or trust deed, did not include seizure and sale under a writ of fieri facias to satisfy judgment. But, as already stated in the opinion in the case at bar, Act No. 159 of 1934 includes, as distinctly stated in its title, "judicial sales of mortgaged real estate by virtue of writs of seizure and sale *under executory process, or writs of fieri facias under executions where judgment is obtained via ordinaria.*" (Italics ours.)

2. Section 3 of Act No. 159 of 1934 specifically gives to "the mortgagor" the right to a rule to show cause "why the sale shall not be postponed and the laws relative to such foreclosure be temporarily suspended," during the "public economic emergency," declared to exist in this state (section 2), "in any proceedings heretofore commenced for the foreclosure of a mortgage on real

estate *by executory process, via ordinaria, or otherwise.*" (Italics ours). Section 3.

The Avery Realty Company, as mortgagor, is clearly entitled to assert such right in the present case. However, an unusual, if not unprecedented, situation exists in the case before us. Gottlieb, the mortgagee, is the president of the Avery Realty Company, and has an interest adverse to that of the corporation, the mortgagor. Plaintiff and Babin, the secretary-treasurer, are the only officers, the only members of the board of directors, and the only stockholders of the corporation, each owning one-half of the stock.

The interest of plaintiff is opposed also to that of Babin, a stockholder and creditor, and to the other creditors. Under these extreme conditions it does not lie in plaintiff's mouth to assert that Babin, secretary-treasurer of the corporation, cannot invoke the Moratorium Law on behalf of the corporation, because he has not been authorized by a resolution of the board of directors to institute this suit, or because he is not the proper officer of the corporation to act in its behalf. It is idle to contend that a president of a corporation can be permitted, through adverse interest, to block every effort of a corporation to save its property from being sacrificed at forced sale during a public economic emergency, to the detriment of the corporation, its stockholders and creditors, and thereby enrich himself, and that, although the corporation may have a clear legal right to demand a mora-

torium, yet it is merely a right without a remedy, either at law or in equity, for its enforcement.

We hold, therefore, under the facts of this particular case, that the secretary-treasurer of the corporation had the right and authority to institute the present proceeding.

3. We refused the motion to dismiss the appeal in this case for the reason that the grounds urged properly belong to the merits of the case.

A motion has been filed on behalf of plaintiff and the sheriff of Calcasieu parish to revise our ruling denying the motion to dismiss.

Two of the grounds of the motion have already been passed upon in this opinion.

The third ground is: "That since the suspensive appeal was granted in accordance with section 7 of Act No. 159 of 1934, the sheriff in executing the writ of fieri facias sold the property of the appellant, which sought to prevent the plaintiff and the sheriff from doing so, and, consequently, the case now presents merely a moot question."

The appeal bond was filed by the Avery Realty Company, Limited, on August 24, 1934, and the purported sale by the sheriff of the property involved in this suit was made August 25, 1934, after the appeal of said company had been perfected in the lower court. Judgment sustaining the exceptions filed by plaintiff and the sheriff of Calcasieu parish was rendered and signed August 23, 1934. Consequently, there is no evidence in the transcript of the sheriff's sale of the Avery Realty Company's property, and this court cannot consider the sheriff's deed annexed to the motion to revise our ruling denying the motion to dismiss, and filed in this court for the first time after the appeal of that company had been perfected. Whatever rights the parties to this litigation may have because of the alleged sale of the property during the pendency of this appeal cannot be determined by this court in the present proceeding.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that this case be remanded to the lower court, that it be reinstated on its docket and be proceeded with in due course, and that plaintiff, Joe Gottlieb, pay all costs of this appeal.