221 So.2d 792 (1969)
CONLEE CONSTRUCTION COMPANY, a Florida Corporation, Appellant,
v.
CAY CONSTRUCTION CO., a Florida Corporation; Sylvan B. Krause, Individually, As an Officer of Conlee Construction Company, As a Director of Conlee Construction Company, As an Officer of Cay Construction Co., As a Director of Cay Construction Co., and As a Stockholder of Cay Construction Co.; J. Leon Kahn, a/K/a N. Leon Kahn, Individually, As a Stockholder of Conlee Construction Company, As an Officer of Cay Construction Co., As a Director of Cay Construction Co., and As a Stockholder of Cay Construction Co., Appellees.
No. 2080.
District Court of Appeal of Florida. Fourth District.
April 2, 1969.
Rehearing Denied May 13, 1969.
*793 Walter Meginniss, of Heiman & Crary, Merritt Island, and Michael R. Walsh, of Anderson, Rush, Lowndes & Peirsol, Orlando, for appellant.
Benjamin F. Smathers, of Smathers, Tepper & Pleus, Orlando, and Fogle & Fordham, Miami, for appellees.
CROSS, Judge.
The appellant-plaintiff, Conlee Construction Co., a Florida corporation, appeals a summary final decree entered in favor of the appellees-defendants, Cay Construction Co., a Florida corporation, et al., in a cause of action wherein the plaintiff-corporation sought an accounting, the imposition of a constructive trust and other relief.
The amended complaint, as filed by plaintiff's president, Harold Oster, asserts that he as plaintiff's president had inspected and investigated certain real estate with a view to purchasing the same for the corporation, and that thereafter the corporation entrusted the final duty and responsibility in the negotiation and purchase of this real property to the defendant, Sylvan B. Krause. However, the defendant Krause, instead of acquiring the real property for the plaintiff-corporation, purchased the same for himself as a nominal trustee and thereafter together with the help of the defendant, J. Leon Kahn, also known as N. Leon Kahn, formed the Cay Construction Co., and deeded the said real property or caused certain portions of the same real estate to be conveyed directly to the Cay Construction Co.
The amended complaint further alleged that after the conveyance of the real property to the Cay Construction Co., this corporation built and resold residential homes thereon and thus was in competition with the plaintiff-corporation to its detriment. The amended complaint also charged that the defendants Krause and Kahn used the plaintiff-corporation facilities and assets for their own personal benefit in the new venture and to the benefit of their new corporation. Allegations exist in the amended complaint asserting a breach of fiduciary duty and seizure of a corporate opportunity.
The defendant, Sylvan B. Krause, was sued in his capacity as an officer, director and stockholder of the plaintiff-corporation, as well as an officer, director and stockholder of Cay Construction Co. Mr. *794 Krause was one of two voting trustees of the plaintiff-corporation, and under a stockholders' agreement and voting trust Mr. Krause and Mr. Harold Oster, the president of the plaintiff-corporation, were vested with full power and authority to vote the entire outstanding capital stock of the plaintiff-corporation. The defendant, J. Leon Kahn, also known as N. Leon Kahn, was sued in his capacity as stockholder of the plaintiff-corporation, and as an officer, director and stockholder of the Cay Construction Co. The Cay Construction Co. was joined as a party defendant to this action.
The defendants by answer to the amended complaint raised the defense of lack of corporate authority for the institution of the action by the plaintiff-corporation.
Thereafter by interrogatories propounded by the plaintiff-corporation to the defendants, defendants answered acknowledging that the defense of lack of corporate authority was based upon a provision in the plaintiff-corporation's bylaws which stated that before instituting any action prior approval of the board of directors was necessary.
The board of directors of the plaintiff-corporation consisted of Mr. Harold Oster, the president of the plaintiff-corporation, his wife, and the defendant, Mr. Krause and his wife.
Plaintiff-corporation further sought by motion to require the defendants to produce certain specified items. From such order granting the motion to produce the defendants took an interlocutory appeal and posted a supersedeas bond. By opinion of this court, Cay Construction Co. v. Conlee Construction Company, Fla.App. 1967, 200 So.2d 563, we affirmed in part and reversed in part, and by separate order ordered that the plaintiff-construction company recover of and from the defendants its costs and expenses upon appeal.
On February 27, 1968, pursuant to motion previously filed by the defendants, the trial court entered a summary final decree in favor of the defendants, parts of which read as follows:
"* * * [T]he Court finds as either a matter of stipulation between counsel, or admissions of the plaintiff by and through its President, Harold Oster, the Board of Directors consisted of four (4) individuals. That the Board of Directors of plaintiff corporation was deadlocked by being equally divided between the President of plaintiff corporation Mr. Oster and his wife and Secretary-Treasurer of plaintiff corporation Mr. Krause and his wife; that at all times material to this action the Board of Directors of the plaintiff corporation was so constructed; the By-Laws of the corporation as attached to the defendants' motion and affidavit for summary judgment specifically provide in Article II pertaining to directors Section 4, in part, that the directors shall approve the initiation of, litigation by, or termination of litigation against the corporation as more fully set forth therein; it is admitted by both plaintiff and defendants that no demand was made on the Board of Directors for corporate authority for the present litigation or granted prior to the institution of the suit and that suit was instituted at the direction of the president of the plaintiff corporation, Mr. Oster.
"* * *
"And it further appearing to the Court that an interlocutory appeal in this cause was taken prior hereto upon the question of discovery relating to the records of the defendants, and the Court required the defendants to post a Supersedeas Bond in the amount of $500.00 which bond was filed on the 30th day of September, A.D., 1966 by the Hartford Accident and Indemnity Company, a Connecticut Corporation, as surety for the defendants in the matter of the interlocutory appeal taken to the Fourth District Court of Appeal of the State of Florida as Case No. 1003. That pursuant to said appeal the Appellate Court issued its *795 mandate affirming in part, and reversing in part, this court's prior order; the Appellate Court reversed this court's order requiring the defendants to produce a vast majority of the documents, and thereby protected the defendants' books, records and other documents from the inspection of the plaintiff. Accordingly, the Court finds, and it is:
"* * *
"2. ORDERED, ADJUDGED and DECREED that the surety bond filed by the Hartford Accident & Indemnity Company, a Connecticut Corporation, in the amount of $500.00 dated the 28th day of September, 1966 and filed herein be and the same is hereby discharged, and the said company be and it is hereby relieved and discharged from any further liability in connection therewith.
"3. ORDERED, ADJUDGED and DECREED that there is no genuine issue as to any material facts relating to the plaintiff corporation's right to maintain this action, and that the defendants are entitled to a judgment as a matter of law, and that the said suit be and it is hereby dismissed without prejudice to plaintiff and judgment be and the same is hereby entered for the defendants."
It is from this summary final decree that the plaintiff now appeals.
Section 608.09, F.S. 1967, F.S.A., requires that a corporation act through its board of directors and specifies that the board act by a majority.[1]
Although factionalism within a corporation is ordinarily settled by the practical device of majority rule, when a situation arises, however, where no majority vote can be marshalled, where directors or stockholders are divided evenly and hopelessly on a controversial corporate matter, immediate action by an officer may be necessary to preserve vital interests. Yet the power to act is vitiated by the existing deadlock. Dictates of practical necessity may then be allowed to override stricter considerations of agency, and authorization of a corporate agent to sue be found where none in fact exists. Under ordinary circumstances in the absence of internal conflict, the president of a business corporation has power to hire attorneys and institute or defend suits on its behalf. 9 Fletcher Cyc. Corporations § 4216 (1964 rev. ed.).
However, the relatively rare state of deadlock among directors raises problems of authorization and agency different from those presented in the usual situation. Deadlock existing, the president has been permitted to sue or defend in behalf of the corporation where the need for action to preserve vital corporate interests was urgent. Regal Cleaners & Dyers, Inc. v. Merlis, 2 Cir.1921, 274 F. 915; Lydia E. Pinkham Medicine Co. v. Gove, 298 Mass. 53, 1937, 9 N.E.2d 573; Gottlieb v. Avery Realty Co., Ltd., 1935, 182 La. 703, 162 So. 571; Recamier Mfg. Co. v. Seymour, 1888, 15 Daly 245, 5 N.Y.S. 648.
To allow the president in the instant case to bring suit on behalf of the corporation, at first blush appears to do violence to traditional rules of agency ordinarily relevant to the power of the president to sue, for the very existence of the impasse would seem to be notice to the world that the president does not have implied authority to act for the corporation. 1 Meacham, Law of Agency §§ 616, 708, 790. However, it can be contended that the effect of the deadlock is the cancellation of one opposing faction against the other with the result that the president is left with what he had *796 before, an implied authority to sue. Cases reviewed on this subject seem not to have employed this theory. Principles of agency have in effect been disregarded, and practical necessity has dictated the rule that the president as chief officer of a going concern may even in the face of deadlock take steps to protect corporate interests where immediate and vital injury threatens. Recamier Mfg. Co. v. Seymour, supra.
One can justify this result by analogizing to the situation where a partner in a dual partnership over the express refusal of the other partner is allowed to sue on behalf of the partnership to enforce an existing claim. Hill v. Marsh, 1874, 46 Ind. 218; Coggeshall v. McKenny, 1920, 114 S.C. 1, 103 S.E. 30. The action of either partner within the scope of the business is for this purpose viewed as the action of both. Crane, Partnership § 53 at 223.
Perhaps even more justification for allowing the president of a corporation to sue on its behalf in the situation confronting us here is found in the basis of the ordinary stockholder's suit which may be brought pursuant to Section 608.131, F.S. 1967, F.S.A. The president of this corporation is one of its stockholders. A stockholder ordinarily may bring an action on behalf of his corporation to enforce a claim clearly due the organization which the board of directors, where refusal is not a matter of business direction, refused to enforce themselves. Demand on the directors to bring the action, a condition precedent to suit, is excusable where demand obviously would be unavailing. 13 Fletcher Cyc. Corporations § 6008 (1961 rev. ed.).
The impasse in the present case plainly reveals the futility of any demand. It certainly was not possible for the president herein to get express sanction because of the inter-corporate feud. Realistically, the present suit should be regarded as a purely inter-corporate affair between two contesting factions of directors, one led by the president of the corporation, the other by the defendant-secretary-treasurer. The corporation is no longer an active protagonist, asserting an alleged cause of action against an outside party. It instead adopts a relatively passive role and stands by while the parties within the corporate body settle a legal dispute.
In the situation confronting the plaintiff-corporation it was the affirmative duty of its president, occupying a fiduciary position, to protect the corporation, the corporation being prejudiced by the defendants who were also occupying a fiduciary position, allegedly seizing a corporate opportunity.
We glean from the record that the trial court granted defendants' motion for summary judgment based upon the defense of lack of corporate authority to initiate the suit. This determination was at least in part prompted from a reading of the by-laws of the corporation as attached to defendants' motion and affidavit for summary judgment, which provided in article two pertaining to directors, section 4, which reads in part as follows:
"Sec. 4. DUTIES OF DIRECTORS.
"* * *
"They shall approve the issuance of all notes, drafts, or bills of exchange, warrants or other orders for the payment of money drawn by the treasurer other than payment for goods received or contractual services rendered, and shall approve all contracts, agreements, surety bonds, pledges of the corporation's credit in any form whatsoever, initiation of litigation by, or termination of litigation against the corporation, including but not limited to the settlement of such legal proceedings. * * *"
It is essential to their validity that bylaws shall be reasonable and not arbitrary or oppressive. Selama-Dindings Plantations, Ltd. v. Durham, S.D.Ohio 1963, 216 F. Supp. 104; 8 Fletcher Cyc. Corporations § 4191; Hornstein, Corporation Law and Practice § 265 at 352-53 (1959). It is manifest that reasonableness in its nature *797 is not a matter for determination by any universal test or general rule, and that the reasonableness of any particular bylaw or bylaws depends almost entirely upon the facts and circumstances of each particular case. Selama-Dindings Plantations, Ltd. v. Durham, supra. Bylaws must not only be reasonable in themselves, but they must not be unreasonable in their practical application.
In the instant case, to give force and effect to the bylaw alluded to above would be tantamount to stating that a corporate fiduciary and any of his allies who may be guilty of a diversion of corporate funds and assets in a seizure of corporate opportunities would be granted immunity from civil suit by the corporation if that fiduciary happens to be one of two voting trustees of the corporation and if he and his wife can control one-half of the board of directors. Certainly the practical application of the bylaw alluded to above under the situation presented to us is grossly unreasonable and thus lacks any essence of validity.
The final point necessary for a determination in this cause is the assertion by the plaintiff that the trial court was in error in granting defendants' motion to vacate supersedeas bond and in entering its order that the supersedeas bond filed by the defendants be vacated and cancelled and their surety be relieved and discharged from any further liability in connection with the said bond. It is a clear and well-settled principle that a surety is bound to the extent of the terms of his obligation and no further. Kulhanjian v. Moomjian, Fla. 1958, 105 So.2d 783.
The plaintiff has failed to favor this court with any copy of the supersedeas bond which plaintiff asserts the lower court was in error in vacating and cancelling. It is the responsibility and the duty of the appellant to provide the appellate court with a record sufficient to review the matter assigned as error. Johnson v. Town of Eatonville, Fla.App. 1967, 203 So.2d 664; Gleim v. Gleim, Fla.App. 1965, 176 So.2d 610; Belfield v. Lochner, Fla. App. 1964, 162 So.2d 668. Without the supersedeas bond or a copy thereof, this court cannot determine the extent and terms of the surety's obligation. Thus we have no alternative but to affirm the determination of the lower court in discharging the surety and relieving that company from any further liability.
For the foregoing reasons, that part of the summary final decree which discharged the surety, relieving it of all liability, is affirmed, and that part of the summary final decree which ordered, adjudged and decreed that there is no genuine issue as to any material facts relating to plaintiff-corporation's right to maintain this action and that the defendants are entitled to a judgment as a matter of law is reversed and remanded for proceedings consistent herewith.
Affirmed in part; reversed in part.
McCAIN and REED, JJ., concur.
NOTES
[1] Section 608.09, F.S. 1967, F.S.A.

"(1) The business of every corporation shall be managed and its corporate powers exercised by a board of not less than three directors. * * * Unless the certificate of incorporation or by-laws provide otherwise, the presence of a majority of all the directors shall be necessary at any meeting to constitute a quorum to transact business. The act of a majority of directors present at a meeting where a quorum is present shall be the act of the board of directors. * * *"