CARROLL, Judge
(dissenting).
I respectfully dissent from the affirmance of the trial court’s order which dismissed the petition with prejudice in this cause, but in effect with leave to proceed for damages in a separate action. Although the petition for damages did not declare on the supersedeas bond, the record disclosed that the petitioners Johnson and Howland were entitled to judgment for damages against Price and the trustees of the dissolved Price corporation as principals on the supersedeas bond (as had been adjudged in the petitioners’ favor on their prior petition for damages against the surety on the bond).
For the reasons set out below it is my opinion that the order appealed from should be reversed and the cause remanded to the circuit court with direction to entertain the petition of Johnson and Howland and award them the damages to which they are found to be entitled under the superse-deas bond, against Price and the dissolved Price corporation as principals on the bond, not in excess of the amount or amounts specified in the supersedeas bond.
The law prescribes the manner in which an appellee can be protected against certain losses where the appellant supersedes the order or judgment appealed from, and that is by requiring the appellant to file a supersedeas bond. The protection which the appellee receives in that regard is by and through the bond which shall have been furnished as required by law and the order of the court. Florida Appellate Rules, Part V.
On the appeal from which this claim for damages arose (following an affirmance), the supersedeas had operated to stay enforcement of a judgment which called for delivery of certain shares of the stock of a corporation to Johnson and Howland. One of the elements of damage expressly provided for in the supersedeas bond was depreciation in value of the stock. The quantity of stock involved was such that the depreciation it suffered during the pen-dency of the appeal amounted to a sum which exceeded by a considerable extent the $41,000 and $7,000 face amounts of the supersedeas bond under which Johnson and Howland were obligees respectively. By petitioning in the cause for damages against the appellants without expressly declaring upon the supersedeas bond, it is apparent that Johnson and Howland were *767 attempting to recover, because of the unsuccessful appeal, damages as referred to in excess of the amount of the supersedeas bond. Since the unsuccessful appeal from the final judgment did not operate to subject Price and his corporation, who took the unsuccessful appeal, to damages other than those provided for by their superse-deas bond, there was no purpose to be served by relegating the matter to a separate suit, and on their petition Johnson and Howland should have been granted the damages to which they were entitled, within the provisions and limitations of the bond.
By Rule 5.11 FAR, which first appeared in 1942 as Supreme Court Rule 35(g), provision is made whereby the surety on a su-persedeas bond, the obligation of which has been breached, notwithstanding such surety is not a party to the suit, submits itself to jurisdiction of the court by virtue of its position on the bond, and is subject to judgment thereon, upon motion in the cause following notice in the form of a citation, without the need to resort to an independent action.
That rule does not also state that recovery can be had against the principal on a supersedeas bond by motion in the cause without resorting to independent action, but it would be illogical to conclude otherwise as to the principal, who as a party to the cause already is within the jurisdiction of the court, when the rule authorizes such action to be taken on motion in the cause against the nonparty surety, by providing that by citation the surety can be brought within the jurisdiction of the court in the case for such purpose.
This view is expressed in the Author’s Comment which follows the statement of Rule 5.11 FAR, relating to sureties on su-persedeas bonds, in Florida Statutes Annotated, viz.:
“This rule provides a simple and positive procedure for enforcing a superse-deas bond. A motion should be filed in the lower court requesting an order directing the surety and principal to appear and show cause why an order should not be entered adjudicating the liability of each, which order would be enforced in the same manner as a contempt citation.”
Since the principals and surety were jointly and severally liable on the bond, it was proper to proceed against them by separate motions or petitions as was done in this case.
It is settled that where an appeal with supersedeas proves unsuccessful, although damages of the kind covered by the super-sedeas bond may have resulted to an extent exceeding the principal sum of the bond, the liability of the surety is limited to the amount of the bond. See Kulhanjian v. Moomjian, Fla. 1958, 105 So.2d 783; All Florida Surety Company v. Vann, Fla. App.1961, 128 So.2d 768; Conlee Construction Co. v. Cay Construction Co., Fla.App. 1969, 221 So.2d 792. See also, Annot. 87 A.L.R. 257.
The liability of an appellant in such circumstance is no greater whether enforcement is sought by motion in the cause or by separate suit. This is so because his liability does not result from the unsuccessful prosecution of an appeal, but from the fact that the order or judgment appealed from was superseded, and because in such instance the law requires the appellant to supply a bond with good and sufficient surety as protection to the appellee against loss resulting from or during the appeal.
Since it is by virtue of the supersedeas bond, and by that alone, that the appellant’s liability in such situation is created and imposed, it follows that, except where it is shown that the appeal was instituted with malice and without probable cause, the principal sum of the bond marks the limit of liability of the appellant-principal. An extensive search of the authorities, which by no means may have been complete, failed to disclose decisions holding *768 otherwise, but did reveal a case so holding. In Friedman Bros. v. Lemle (1886) 38 La. Ann. 654, the Supreme Court of Louisiana held that the principal on a supersedeas bond could not be held for damages for more than the amount of the bond, “without proof of malice and want of probable cause.”
Limiting the damages of an appellant to his liability as principal on the supersedeas bond, and to the amount of the bond, should not operate to the prejudice of an appellee who is diligent in seeking an adequate bond. For example, if the amount of the bond as initially fixed by the trial court is considered by the appellee to be inadequate, the appellee can seek increase thereof by petition in the appellate court to review the trial court’s supersedeas order, under Rule 5.10 FAR. Also, a supersedeas bond which becomes inadequate during an appeal may be increased.[1] Assuming a su-persedeas bond as initially fixed is adequate, and, as in this case, the judgment appealed from directed delivery of corporate stock and the elements of damage in the supersedeas bond included depreciation in value of the stock pending the appeal, if it should become observable during the pendency of the appeal that the stock in question was depreciating at a rate or to an extent which indicated a need for increase of the supersedeas bond in order for the bond to continue to afford adequate security, an appellee finding himself in that situation could apply (in the appellate court, or with its permission in the trial court) for an order for the bond to be increased by an amount found to be necessary, and requiring the appellant to comply therewith as a condition of the continuance of the supersedeas. If the appellees had done so in this case at the appropriate time or times, and increase of the bond had been ordered, the appellant then would have had opportunity to elect either to post a higher bond, or to accede to the termination of his supersedeas in event he was unwilling to obligate himself for a greater liability than that provided for initially by the supersedeas bond, such as could result from further depreciation in value of the stock prior to the end of the period of the appeal.

. See Florida Orange Hedge Fence Co. v. Branham, 32 Fla. 289, 13 So. 281; Edgerton v. West, 38 Fla. 338, 21 So. 278; Stegemann v. Emery, 103 Fla. 735, 137 So. 888.